UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN JEROME EASLEY, | No. 2:20-cv-0103-EFB P |
| Plaintiff, | |
| v. | ORDER |
| TYWANDA STRAIN/HALL, et al., | |
| Defendants. | |

    Plaintiff, a Sacramento County prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, has filed two applications to proceed in forma pauperis (ECF Nos. 2 & 16), a motion for discovery (ECF No. 18), and a request for a "court date" (ECF No. 20). For the reasons stated hereafter, the court grants the latter of his applications to proceed in forma pauperis, denies his motion for discovery, denies his motion for a court date, and dismisses his complaint with leave to amend.

Application to Proceed In Forma Pauperis

    The court has reviewed the second of plaintiff's applications (ECF No. 16) and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted. His other application will be denied as moot.

/////

/////

<u>Screening</u>

I.   <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.   <u>Analysis</u>

The court has reviewed plaintiff's complaint and, frankly, can make little sense of it. As an initial matter, plaintiff's handwriting is dense and difficult to parse. Additionally, he has sued numerous defendants, but offers little context into how each was involved in any alleged violation

of his rights.  Most fundamentally, the court cannot discern what plaintiff's allegations are fundamentally concerned with.  He references being "targeted" by "digital cyber system security" and claims that defendant Tywanda Strain is "attacking him from all angles."  ECF No. 6 at 4-5.  The context of these "attacks" cannot be discerned, however.  Elsewhere, plaintiff references a hospital visit, apparent instances of health insurance "fraud" and being arrested for trespassing.  *Id.* at 4.  The court, despite its best efforts, simply cannot discern how, if at all, these fragmentary allegations fit together.  Plaintiff, in light of the borderline fantastical nature of his allegations, will be given one chance to amend.

### III.     Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith*, 507 F.3d 605 at 607.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

/////

1    Any amended complaint should be as concise as possible in fulfilling the above
2    requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual
3    background which has no bearing on his legal claims. He should also take pains to ensure that his
4    amended complaint is as legible as possible. This refers not only to penmanship, but also spacing
5    and organization. Plaintiff should carefully consider whether each of the defendants he names
6    actually had involvement in the constitutional violations he alleges. A "scattershot" approach in
7    which plaintiff names dozens of defendants will not be looked upon favorably by the court.

                            Motion for Discovery and Motion for Court Date

9    Plaintiff's motion for discovery (ECF No. 18) is denied as premature and the motion for
10   court date is denied as unnecessary. In the event plaintiff's amended complaint survives
11   screening, the court will set a scheduling order which will provide for a discovery period. Should
12   any need for a court date arise, the court will schedule one accordingly.

                                             Conclusion

14   Accordingly, it is ORDERED that
15   1.    Plaintiff's application to proceed in forma pauperis (ECF No. 16) is GRANTED;
16   2.    Plaintiff's application to proceed in forma pauperis (ECF No. 2) is DENIED as
17   MOOT;
18   3.    Plaintiff's motion for discovery (ECF No. 18) is DENIED without prejudice;
19   4.    Plaintiff's motion for a court date (ECF No. 20) is DENIED without prejudice;
20   5.    Plaintiff's complaint (ECF No. 6) is dismissed with leave to amend within 30 days
21   from the date of service of this order; and
22   6.    Failure to file an amended complaint that complies with this order may result in
23   the dismissal of this action for the reasons stated herein.
24   DATED: April 28, 2020.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

4